14772

CULLEN v. WESTERN UNION TELEGRAPH CO.

(199 S. E., 702)

*Messrs. Francis R. Stark, Calhoun Thomas* and *Nelson, Mullins & Grier,* for appellant,

*Mr. Pinckney H. Walker,* for respondent.

November 16, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent, a citizen of Beaufort, S. C., brought action in the Magistrate's Court at Beaufort against the appellant, claiming damages for the negligence, willfulness and wantonness of appellant in transmitting a telegraphic message, sent from Martinsville, Virginia, by H. N. Joyce to the respondent in the following words: "Trial set for Wednesday, November Third, you must be here. H. N. Joyce, Atty."

That the contents gave defendant notice that it was one of a special nature and that any alteration of the message would cause plaintiff to suffer special injury and damage; that through the gross wantonness and recklessness of defendant, through its agents and servants, the message was

changed, altered and mutilated and when delivered to plaintiff was in these words: "Trial set for Wednesday, November thirty you must be here."

The plaintiff had procured a judgment in Martinsville, Virginia, against Burrough-White Chevrolet Sales Co., which had appealed said case to the proper appellate Court, on such appeal a trial *de novo* was to be had; that under the laws of Virginia, if plaintiff failed to appear for trial on the day set for such trial, his suit would be dismissed and he would be forever debarred from bringing it again. That because of the gross wanton and willful negligence in altering said telegram, plaintiff did fail to appear for trial on the third of November, and his suit was dismissed against him with costs.

At the trial before the Magistrate, defendant objected to the introduction of the transcript of the judgment in the Virginia Court of the case of *J. B. Cullen v. Burrough-White Chevrolet Sales Co., Inc.* The objection was overruled. Other objections by defendant to testimony relating to this judgment and the dismissal of the appeal by the Virginia Court because of the absence of plaintiff from the Court on the day set for trial were made and overruled.

Defendant moved for nonsuit on the ground that "there is neither allegation nor proof that defendant had notice or knowledge that the failure to deliver the message correctly would cause such special damages," and that the damages complained of are remote and speculative and are not the proximate consequences of the failure to correctly transmit the message.

The motion was overruled.

Defendant offered no testimony. After argument, the Court gave judgment for plaintiff in the sum of $50.00 actual damages. The case was heard by the Magistrate without a jury.

The defendant appealed to the Court of Common Pleas on the grounds practically the same as those upon which the motion for nonsuit was made.

His Honor, Judge Stoll, dismissed the appeal. In his order, he said: " * * * It cannot be reasonably denied that the negligence of the defendant company in failing to transmit to plaintiff the message filed with them for transmissal caused the plaintiff to suffer damages, and the Court being of opinion that the evidence in the record was sufficient to sustain the finding of the Magistrate as to the amount of damages, * * * the appeal * * * is hereby dismissed, and the verdict and judgment of the Magistrate's Court affirmed."

The defendant appealed to this Court on exceptions akin to those heard by Judge Stoll. The appellant has submitted an elaborate brief and argument. The respondent has not filed any. In the view which we take of this appeal, it is not necessary to discuss all the issues made by the appeal.

The plaintiff had a substantial right to be present at the trial *de novo* of his case in Virginia. Irrespective of how that case turned out, he had a right to be present and try it. If he won it, he could collect his money; if he lost it, he could protest by such action as was appropriate under the laws of Virginia. But the cardinal question is this: He had the right to be present at the trial. His failure to be there resulted in the dismissal of his case, and the dismissal was final. This result was due to the negligence of appellant in altering the message in transmission.

The Magistrate was acting as Judge and jury. We think he was justified by the evidence in giving judgment for plaintiff in the sum of $50.00.

Section 804 of the Code of Civil Procedure, 1932, provides for appeals from inferior Courts, as for instance, appeals from Magistrate's Courts to Circuit Courts. "Upon hearing the appeal, the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits."

We think the order of Judge Stoll fully complies with that direction of the Code.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.